IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KIMBERLY STUART,                    )
                                    )
            Plaintiff,              )
                                    )          CIVIL ACTION
v.                                  )          FILE NO. 4:14-cv-01228
                                    )
UNITED RECOVERY SYSTEMS, LP         )
and CLIENT SERVICES, INC.           )
                                    )
            Defendants.             )
_____ )

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
1331.

3.     Venue is proper before this Court under 28 U.S.C. § 1391(b), as the acts
and transactions giving rise to Plaintiff's action occurred in this district, and Defendants
transact business in this district.

## PARTIES

4.     Plaintiff Kimberly Stuart ("Plaintiff") is a natural person who at all relevant
times resided in the State of Missouri, County and City of St. Louis.

1

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant United Recovery Systems, LP ("United") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.     United is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.     Defendant Client Services, Inc. ("Client Services") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9.     Client Services is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendants.

11.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a USAA Savings Bank account (the "Debt").

12.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13.     In an attempt to collect the Debt, United sent Plaintiff an initial written communication dated July 9, 2013, attached as Exhibit A.

14.     United's letter stated the balance of the Debt as "$5,589.02 as of 7/9/2013." Exhibit A.

15.     United's letter further stated, in relevant part:

> As of the date of this letter you owe the amount stated above. Because your account may accrue interest, late charges and other charges that may vary from day to day, the amount due on the date you pay may be greater. If you pay the amount above an adjustment may be necessary after we receive your check.

Exhibit A.

16.     Because United's communication indicated that the amount of the debt was subject to increase, the consumer would feel compelled to pay the alleged amount sooner, rather than later, in order to avoid paying a greater amount.

17.     Upon information and belief, United included the above-mentioned statement for the purpose of coaxing Plaintiff to pay the alleged debt sooner, rather than later.

18.     Subsequently, Client Services sent Plaintiff its initial written communication dated January 15, 2014, attached as Exhibit B.

19.     The letter from Client Services stated the amount of the Debt as $5,589.02. *See* Exhibit B.

3

20.     Thus, United's July 9, 2013 letter falsely represented or misled Plaintiff as to the character, amount, or legal status of the Debt by stating that it was subject to interest and other charges when United knew that it was not, as the balance did not increase between July 9, 2013 and January 15, 2014.

21.     In the alternative, the January 15, 2014 letter from Client Services falsely represented the amount of the Debt by failing to state the balance owed inclusive of interest and other charges.

22.     On February 12, 2014, Client Services placed a call to Plaintiff's cellular telephone and left a voicemail message.

23.     The February 12, 2014 voicemail message failed to disclose Defendant's corporate identity.

24.     The February 12, 2014 voicemail message also failed to disclose that the call was from a debt collector.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

25.     Plaintiff repeats and re-alleges each and every factual allegation above.

26.     Client Services violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Client Services violated 15 U.S.C. § 1692d(6);

b)   Awarding  Plaintiff  statutory  damages,  pursuant  to  15  U.S.C.  §
1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding  Plaintiff  reasonable  attorneys'  fees  and  costs  incurred  in  this
action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible
by law; and

f)   Awarding  such  other  and  further  relief  as  the  Court  may  deem  just  and
proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

27.   Plaintiff repeats and re-alleges each and every factual allegation above.

28.   United  violated  15  U.S.C.  §  1692e(2)(A)  by  falsely  representing  the
character, amount, or legal status of the Debt by stating that it was subject to interest and
other charges when United knew that it was not.

29.   In  the  alternative,  Client  Services  violated  15  U.S.C.  §  1692e(2)(A)  by
falsely representing the amount of the Debt by failing to state the balance owed inclusive
of interest and other charges.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that United violated 15 U.S.C. § 1692e(2)(A);

b) Alternatively adjudging that Client Services violated 15 U.S.C. § 1692e(2)(A);

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

30.     Plaintiff repeats and re-alleges each and every factual allegation above.

31.     United violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt when stating that the Debt was subject to interest and other charges when United knew that it was not.

32.     In the alternative, Client Services violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt when failing to state the balance owed inclusive of interest and other charges.

6

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that United violated 15 U.S.C. § 1692e(10);

b)  Alternatively adjudging that Client Services violated 15 U.S.C. § 1692e(10);

c)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)

33.    Plaintiff repeats and re-alleges each and every factual allegation above.

34.    Client Services violated 15 U.S.C. § 1692e(11) by failing to disclose in each communication with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Client Services violated 15 U.S.C. § 1692e(11);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

35.    Plaintiff repeats and re-alleges each and every factual allegation above.

36.    United violated 15 U.S.C. § 1692g(a)(1) by failing to, within its initial communication or within five days thereafter, provide Plaintiff with a written statement of the amount of the Debt.

37.    In the alternative, Client Services violated 15 U.S.C. § 1692g(a)(1) by failing to, within its initial communication or within five days thereafter, provide Plaintiff with a written statement of the amount of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that United violated 15 U.S.C. § 1692g(a)(1);

b) Alternatively adjudging that Client Services violated 15 U.S.C. § 1692g(a)(1);

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 9, 2014.

Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix
LaCroix Law Firm, LLC
Bar No.60793
4235 Baltimore Ave.
Kansas City MO 64111
(816) 399-4380
tony@lacroixlawkc.com
*Counsel for Plaintiff*